ALMON, Justice.
Appellant, Margaret Green, filed suit against Alabama Farm Bureau Mutual Casualty Insurance Company for abuse of process and malicious prosecution in its institution of quasi-judicial proceedings against her. Alabama Farm Bureau filed a motion for summary judgment, which the circuit court granted. We affirm.
Ms. Green, who is an uninsured motorist, was involved in an accident with Alabama Farm Bureau’s insured, Mr. William Thomas. Green opened her automobile door into the path of an automobile driven by Thomas. Thomas executed a subrogation agreement in favor of Alabama Farm Bureau when it paid his insurance claim. Green alleged in her complaint that Alabama Farm Bureau maliciously filed an SR-13 form with the Department of Public Safety pursuant to Ala. Code 1975, § 32-7-5, and that the filing resulted in the wrongful suspension of her license. That section states:
“The operator of every motor vehicle which is in any manner involved in an accident within this state, in which any person is killed or injured or in which damage to the property of any one person, including himself, in excess of $50.00 is sustained, shall within 10 days after such accident report the matter in writing to the director. Such report, the form of which shall be prescribed by the director, shall contain only such information as may be necessary to enable the director to determine whether the requirements for the deposit of security under section 32-7-6 are inapplicable by reason of the existence of insurance or other exceptions specified in this chapter. The director may rely upon the accuracy of the information unless and until he has reason to believe that the information is erroneous.”
Failure to comply with this mandate results in the imposition of criminal actions against the operator failing to file, under § 32-7-37.
The record reveals that the report prescribed in § 32-7-5 was signed by both Thomas and an agent of Alabama Farm Bureau. It was in proper form and was processed by an agent of Alabama Farm Bureau. Green’s contention is that the filing of the report resulted in the temporary suspension of her driving privileges and that the suspension of her license was unlawful under § 32-7-7(2). That section excludes from the requirement of suspension any driver of an automobile that is legally parked at the time of the accident. While she is correct in her argument that her license should not have been suspended, that dispute was resolved in Green v. Director of the Dept. of Public Safety, State of Alabama, CV-86-186, Circuit Court of *775 Talladega County, where her driving privileges were restored. Because Thomas was required under Ala. Code 1975, § 32-7-5, to file a report with the Department of Public Safety, and because there is no evidence that the actions of Alabama Farm Bureau in processing the report for Thomas were taken for any improper purpose, no action for malicious prosecution or abuse of process can be maintained.
AFFIRMED.
TORBERT, C.J., and SHORES, BEATTY and HOUSTON, JJ., concur.